**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| ELSA DOLORES GUAMAN PROCEL,<br>Petitioner,<br>v.<br>KRISTIE NOEM, *et al.*,<br>Respondents. | : | Civil Action No. 26-10654 (BRM)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Petitioner Elsa Dolores Guaman Procel's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 arguing her detention violates her constitutional rights. (ECF No. 1.) Respondents filed an answer (ECF No. 5), and Petitioner did not reply. Having reviewed and considered the parties' submissions filed in connection with the Petition, and having declined to hold oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b), for the reasons set forth below and for good cause appearing, the Petition is **DENIED**.

## I. BACKGROUND

Petitioner, a citizen of Ecuador, initially unlawfully entered the United States on December 26, 2010. (ECF No. 5 at 1; ECF No. 5-1.) On December 27, 2010, an immigration officer ordered Petitioner removed. (*Id.*; ECF No. 5-2.) On January 28, 2011, Petitioner was removed from the United States. (*Id.*; ECF No. 5-3.)

Petitioner re-entered the United States thereafter, and on July 27, 2021, U.S. Immigration and Customs Enforcement ("ICE") determined Petitioner was subject to removal under 8 U.S.C. § 1231(a) because she is subject to a final order of removal and illegally reentered the United

States. (*Id.*; ECF Nos. 5-4.) On the same day, Petitioner's final order of removal was reinstated. (*Id.*; ECF Nos. 5-5.) ICE arrested Petitioner pursuant to the reinstated final order of removal on August 14, 2026. (*Id.*)

On July 7, 2026, Petitioner filed the Petition arguing, among other things, that the government may not detain her under 8 U.S.C. § 1225(b), and she is entitled to a bond hearing under 8 U.S.C. § 1226(a). (*See generally* ECF No. 1.) Respondents filed an expedited response arguing that Petitioner is lawfully detained based on her reinstated final order of removal under 8 U.S.C. § 1231(a). (ECF No. 5.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III. DECISION

In the Petition, Petitioner argues that she is unlawfully detained under 8 U.S.C. § 1225. (*See* ECF No. 1.) Respondents answered and argued that Petitioner is lawfully detained under a re-instated order of removal pursuant to 8 U.S.C. § 1231(a). (ECF No. 5.) Petitioner did not reply.

The record establishes that Petitioner is subject to a reinstated final order of removal. Petitioner does not dispute that: (1) on December 27, 2010, Petitioner was issued a Notice and Order of Expedited Removal; (2) Petitioner was removed from the United States in January 2011; and (3) she unlawfully reentered the United States.

Based on the above, ICE reinstated Petitioner's final order of removal on July 27, 2021. Under 8 U.S.C. § 1231(a)(5), when a noncitizen reenters the United States after having been removed under a prior order, "the prior order of removal is reinstated from its original date" and the noncitizen "shall be removed under the prior order." The Supreme Court has made clear that detention in this posture is governed by § 1231. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 529–30 (2021) (explaining that once a removal order is reinstated, the noncitizen is in a post-final-order posture and detention is governed by § 1231's removal-period framework). Accordingly, Petitioner's detention arises under § 1231(a).

Section 1231 states in relevant part that "when [a noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). This 90-day detention is mandatory. *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) ("While removal proceedings are in progress, most [noncitizens] may be released on bond or paroled. After entry of a final removal order and during the 90-day removal period, however, [noncitizens] must be held in custody." (internal citation omitted)). Petitioner was taken into custody on August 14, 2026. As a result, Petitioner's detention is still within the 90-day mandatory detention period, rendering any challenge to her § 1231 detention premature.

## IV. CONCLUSION

For the reasons expressed above, Petitioner's § 2241 Petition (ECF No. 1) is **DENIED** without prejudice. An appropriate order follows.

**Date:** September 22, 2026

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**